Brent Bengtson, Director Governor's Office of Drug Abuse Programs 112 Landon State Office Building 900 Jackson Topeka, Kansas 66612-1220
Dear Mr. Bengston:
You request our opinion regarding the provisions of K.S.A. 65-4173
relative to the authorized uses of moneys in local special law enforcement trust funds and the state special asset forfeiture fund. As we understand it, your question is whether K.S.A. 65-4173 would permit such moneys to be used as matching funds for a federal grant for closed circuit televising of testimony of abused children.
K.S.A. 65-4173 sets forth restrictions on disposition of property and money obtained through forfeiture pursuant to the provisions of K.S.A.65-4135 or 65-4156. The purpose for forfeiture statutes generally is to provide a mechanism whereby the law enforcement agency that incurred costs in preparing a case for prosecution and forfeiture proceedings may recoup those costs, and to provide law enforcement agencies with additional incentives to pursue certain types of cases. See Attorney General Opinion No. 93-106. K.S.A. 65-4173 provides in part:
 "(c) Moneys in the special law enforcement trust fund in the county or city treasury shall be expended only
upon appropriation to the sheriff's office or police department, by the respective board of county commissioners or governing body of the city, to defray the costs of protracted or complex investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants or for such other law enforcement purposes as the respective board of county commissioners or governing body of the city deems appropriate and shall not be considered a source of revenue to meet normal operating expenses.
 "(d) . . . Such proceeds or money [in the state special asset forfeiture fund] may be expended by the agency originating the forfeiture to defray the costs of protracted or complex investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants or for such other law enforcement purposes as the attorney general deems appropriate but shall not be considered a source of revenue to meet normal operating expenses. . . ." Emphasis added.
While forfeitures under the provisions of K.S.A. 65-4171 et seq. are obtained through arrests and prosecutions for drug offenses, the authorized uses of the proceeds of a forfeiture as listed in K.S.A. 65-4173
are not limited to use in drug cases. Clearly such moneys may be used to provide matching funds to obtain federal grants for law enforcement purposes. The only exception to this authorized use is that the moneys may not replace or reduce established appropriations for the same purpose. See Attorney General Opinions No. 93-106, 93-112. It is therefore our opinion that moneys in a local special law enforcement trust fund or the state special asset forfeiture fund may be used as matching funds for a federal grant for closed circuit televising of testimony of abused children as long as such moneys do not supplant established appropriations for that purpose.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm